United States District Court
Eastern District of California

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANPREET SINGH,<br>Petitioner,<br>v.<br>FACILITY ADMINISTRATOR, GOLDEN STATE ANNEX, *et al.*,<br>Respondents. | Case No. 1:26-cv-06295 (EJD)<br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br>Re: Dkt. Nos. 1, 2 |

Petitioner Manpreet Singh filed a Petition for Writ of Habeas Corpus (Dkt. No. 1) and a Motion for Temporary Restraining Order (Dkt. No. 2) seeking release from the custody of U.S. Immigration and Customs Enforcement ("ICE"). Petitioner raises claims that are functionally identical to those this Court, and many others within this district, have already addressed in prior orders. Fleeing India, Petitioner entered the United States near Lukeville, Arizona on August 22, 2023 and was taken into custody by the Department of Homeland Security ("DHS"). Dkt. No. 1 ¶36; Dkt. No. 6-1 at 2. On November 14, 2023, Petitioner was released. Dkt. No. 1 ¶ 36. Five months after his release, in April 2024, ICE imposed further monitoring obligations on Petitioner, requiring that he use an application installed on his phone to upload photographs periodically. *Id.* ¶ 37. Petitioner claims to have complied with all of his reporting obligations. *Id.*

On June 27, 2026, Petitioner was arrested by California Highway Patrol for violations of Cal. Health & Safety Code § 11370.9(a) (laundering of drug proceeds), Cal. Penal Code § 25850(a) (carrying a loaded firearm in a vehicle), Cal. Penal Code § 25400(a)(1) (carrying a concealed firearm), Cal. Penal Code § 2580(c)(6) (carrying an unregistered firearm), and Cal. Penal Code § 32310(a) (possession of a large capacity magazine). Dkt. No. 6-1 at 3. He was

United States District Court
Eastern District of California

released from state custody after posting bond approximately 48-hours later. Dkt. No. 1 ¶ 38. Following Petitioner's release from state custody, ICE ordered that he appear at the Stockton ICE office. *Id*. ¶ 39. He appeared on July 9, 2023, and was taken into custody. *Id*.

Many prior orders within this district are dispositive on the issues raised in the Petition and motion for a temporary restraining order. *See, e.g.*, *Alauddin v. Chestnut*, No. 1:26-CV-03541 (AMO), 2026 WL 1346863 (E.D. Cal. May 14, 2026); *Ozturk v. Lyons*, No. 1:26-CV-03484 (VC), 2026 WL 1354540 (E.D. Cal. May 14, 2026); *Zheng v. Warden*, No. 1:26-CV-03533 (EJD), 2026 WL 1354477 (E.D. Cal. May 14, 2026). For the reasons stated in those cases, Petitioner is entitled to relief. Respondents have not provided Petitioner with an opportunity to be heard, as required by the Fifth Amendment Due Process Clause, at which they must justify the reasons underlying the revocation of his release. Petitioner has a clear liberty interest in his continued freedom. *See Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Applying the balancing test described in *Mathews v. Eldridge,* 424 U.S. 319 (1976), and for the reasons identified in the courts' prior orders, the Court finds that Petitioner has a substantial private interest in maintaining his out-of-custody status, the risk of erroneous deprivation here is considerable, and Respondents' interest in detention is low as the effort and costs required to provide Petitioner with procedural safeguards are minimal.

On August 10, 2026, the Court set a briefing schedule on the petition and indicated that it intended to rule on the Petition and motion for a temporary restraining order together. *See* Dkt. No. 5. Respondents filed an opposition noting that Petitioner's detention is mandatory under 8 U.S.C. § 1225(b)(2), but did not oppose the Court ruling directly on the petition. Dkt. No. 6 at 1. As is has in the past, the Court rejects Respondents' argument that Petitioner may be mandatorily detained under § 1225(b)(2). *See Zheng*, 2026 WL 1354477, at *2.

However, the Court finds that a post-deprivation hearing is the appropriate remedy under these circumstances. Petitioner may have violated the terms of his release given his recent arrest. The relevant question, however, is whether these events constitute changed circumstances that would justify an immigration judge revoking Petitioner's release. *See Singh v. Chestnut, et al.*, No. 1:26-CV-00546-DJC-AC, 2026 WL 266021, at *2, 4 (E.D. Cal. Feb. 2, 2026) (ordering

a post-deprivation bond hearing for a petitioner who was formerly released on his own recognizance but detained by ICE after he was arrested for aggravated battery—despite finding that petitioner was not subject to mandatory detention under Laken Riley—because the government "may well have a legitimate interest in [p]etitioner's detention based on the information contained in the arrest report"); *J.S.H.M. v. Wofford*, No. 1:25-CV-01309-JLT-SKO, 2025 WL 2938808, at *14–16, 18 (E.D. Cal. Oct. 16, 2025) (ordering a post-deprivation bond hearing where petitioner had multiple infractions of his conditional release order).

Accordingly, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus (Dkt. No. 1) is GRANTED in part. Respondents are ORDERED to provide a substantive bond hearing withing fourteen (14) days at which the Government SHALL bear the burden of establishing, by clear and convincing evidence that Petitioner poses a danger to the community or a risk of flight if he is released. The hearing may be continued upon Petitioner's request, and he SHALL be allowed to have counsel present.

The Clerk of the Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

**IT IS SO ORDERED.**

Dated: August 24, 2026

EDWARD J. DAVILA
United States District Judge